IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRYSTAL THERESA DAVIS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6271 |
| | : | |
| **DANIEL B. RUBIN**, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

**TUCKER, J.**                                                                                       **DECEMBER 22, 2020**

Plaintiff Krystal Theresa Davis has filed a Complaint against Daniel B. Rubin and Shannon Leigh McGroarty raising claims under the Fair Housing Act ("FHA"). (ECF No. 2.) Davis also filed a Motion for Leave to Proceed *In Forma Pauperis.* (ECF No. 1.) For the following reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to amendment.

**I.      FACTUAL ALLEGTIONS**

Davis alleges that she is a Black female who suffers from an "uncurable chronic illness" for which she receives social security benefits. (ECF No. 2 at 3.)[1] She and her twenty-two-year old son, who is also disabled, resided at the Defendants' property in Philadelphia from February 1, 2019 until their eviction on February 28, 2020. (*Id.*) Davis and her son were living at the property in connection with a section 8 housing voucher they obtained from the United States Department of Housing and Urban Development ("HUD").

Davis alleges that from February through June of 2019, she informed the Defendants that her neighbors were "harassing her." (*Id.*) On June 27, 2019, the Defendants sent her a letter

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

threatening to evict her and cancel her HUD voucher, accusing her of breaching the lease, mocking her disability, and accusing her of a crime. (*Id.*) Davis claims the police were called to the property on three occasions — May 9, 2019, June 26, 2019, and July 23, 2019 — "because of the harassment and retaliatory acts caused by defendants['] action" but she does not further describe those acts. (*Id.*)

On July 1, 2019 Davis filed a "fair housing complaint" with HUD. (*Id.*) On July 23, 2019, the Defendants sent Davis a letter informing her that she was in breach of the lease. (*Id.*) A "code violation" was also put in her mailbox on that date. (*Id.*) On July 25, 2019, the Defendants sent Davis a ten-day notice to quit citing breaches of the lease and irreconcilable differences. (*Id.*) The Defendants filed a complaint against Davis on August 6, 2019 in landlord-tenant court for breaching conditions of the lease, specifically citing "inability to get along with neighbors, defacing mail of a neighbor, persistent calls to police regarding neighbors, and receipt of a ticket from CLIP." (*Id.*) On the same date, Davis received a thirty-day notice to vacate the premises. (*Id.*)

Davis then filed a complaint with the Pennsylvania Human Relations Commissions ("PHRC") claiming that the Defendants discriminated against her based on her disability in violation of the FHA. (*Id.*) The PHRC investigated and closed the case on February 11, 2020. (*Id.*) Davis and her son were evicted on February 28, 2020. (*Id.*)

Davis alleges that as a result of the Defendants' actions, she and her son were evicted, lost their HUD voucher, experienced financial hardship and lost enjoyment in activities. (*Id.* at 4-5.) Davis also alleges that, since her eviction, she and her son have "suffered harassment, intimidation, stalking, technical and financial crimes." (*Id.* at 4.) Davis has filed various

complaints with law enforcement agencies about that harassment. (*Id.*) She seeks unspecified damages and injunctive relief. (*Id.* at 5.)

## II.   STANDARD OF REVIEW

The Court will grant Davis leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Courts to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Davis is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

### A. Claims on Behalf of Davis's Son

At times, it appears that Davis intends to raise claims on behalf of her son or seek relief on his behalf. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may

represent herself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). For these reasons, any claims that Davis brings on behalf of her son must be dismissed without prejudice for lack of standing.

### B. Davis's Claims

Turning to Davis's claims, the Complaint fails to state a FHA claim as pled. In 1988, Congress extended coverage of the FHA to include individuals with disabilities. *See Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005). Those amendments, the FHAA, make it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person." 42 U.S.C. § 3604(f)(2)(A). "Under the FHAA, 'handicap' means 'a physical or mental impairment which substantially limits one or more of [a] person's major life activities.'" *431 E. Palisade Ave. Real Estate, LLC v. City of Englewood*, 977 F.3d 277, 284 (3d Cir. 2020) (quoting 42 U.S.C. § 3602(h)(1)) (alteration in original). A plaintiff alleging violations of this provision may bring a claim for intentional discrimination, also known as a disparate treatment claim, or a disparate impact claim.[2] *Cmty. Servs.*, 421 F.3d at 176. "Generally, to prevail on a disparate treatment claim, a plaintiff must

---

[2] Disability discrimination includes a failure to reasonably accommodate an individual's disability, but Davis's Complaint does not allege such a claim.

demonstrate that some discriminatory purpose was a 'motivating factor' behind the challenged action." *Id.* at 177.

Here, the Court understands Davis to be alleging that the Defendants violated the FHA by evicting her because of her disability.  However, she does not allege what her disability was, nor does she allege sufficient facts from which one could infer that her disability was a motivating factor behind her eviction.  Although she alleges that the Defendants mocked her disability in a letter they sent approximately five weeks before filing suit against her in landlord-tenant court, she does not describe what they wrote to her beyond characterizing it as mocking.  In other words, although Davis claims the Defendants evicted her based on her disability in violation of the FHA, she has not at this point alleged sufficient factual matter to support that assertion.  Accordingly, her disability discrimination claim under § 3604(f)(2)(A) is not plausible as pled. *See White v. Barbe*, 767 F. App'x 332, 335 (3d Cir. 2019) (per curiam) (affirming dismissal of Fair Housing Act claims because a pleading that "consists of vague allegations of wrongdoing with no factual elaboration, is insufficient to state a claim"); *Wilson v. Hillsborough Twp. Constr. Dep't*, 779 F. App'x 969, 972 (3d Cir. 2019) (per curiam) (affirming dismissal of FHA claims because litigant's "vague, conclusory speculations that [certain] decisions were made for a discriminatory reason are insufficient to state a claim under the FHA").

The FHA also prohibits coercion, intimidation, threats against or interference with any person in the exercise or enjoyment of rights granted or protected by the FHA.  *See* 42 U.S.C. § 3617.  "A Section 3617 interference claim requires proof of three elements: (1) that the plaintiff exercised or enjoyed any right granted or protected by [the FHA]; (2) that the defendant's conduct constituted interference; and (3) a causal connection existed between the exercise or enjoyment of the right and the defendant's conduct." *Revock v. Cowpet Bay W. Condo. Ass'n*,

853 F.3d 96, 112-13 (3d Cir. 2017) (internal quotations and footnote omitted).  Interference is defined broadly but not "so broad as to prohibit any action whatsoever that in any way hinders a member of a protected class." *Id.* at 113 (internal quotations and alteration omitted). "Interference under Section 3617 may consist of harassment, provided that it is 'sufficiently severe or pervasive' as to create a hostile environment." *Id.* (quoting *Quigley v. Winter*, 598 F.3d 938, 947 (8th Cir. 2010)).  "Harassment that intrudes upon the 'well-being, tranquility, and privacy of the home' is considered particularly invasive." *Id.* (quoting *Firsby v. Schultz*, 487 U.S. 474, 485 (1988)); *see also* 24 C.F.R. § 100.600.  A claim under § 3617 does not depend upon a substantive violation of the FHA.  *Id.* at 112.

Section 3617 also prohibits retaliation against a person who makes a complaint in a FHA proceeding or against a person who reports a discriminatory housing practice to a housing provider or other authority.  *See Lloyd v. Presby's Inspired Life*, 251 F. Supp. 3d 891, 904 (E.D. Pa. 2017); *see also* 24 C.F.R. § 100.400(c)(5) & (6).  "To prevail on a § 3617 retaliation claim, a plaintiff must demonstrate that (1) she engaged in a protected activity; (2) the defendant subjected her to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Lloyd*, 251 F. Supp. at 904.

The Court understands Davis to be pursuing claims under § 3617 based on alleged harassment and retaliation.  However, although Davis alleges that the Defendants and her neighbors harassed her, but she does not explain what she means by that allegation.  She does not describe the harassment, nor does she link the alleged harassment to her exercise or enjoyment of a right under the FHA.  Without that additional factual information, she has not stated a plausible claim for intimidation or interference with her rights under the FHA based on harassment.  Davis's retaliation claim is also conclusory.  Although she alleges that she filed a fair housing

complaint with HUD (which she does not further describe) before the Defendants sent her a notice quit and then initiated eviction proceedings against her, it is not clear that the Defendants were aware of that complaint before they took the steps to evict her.  Likewise, because she has not described her neighbors' conduct with any particularity, it is not clear that, by complaining of that conduct to the Defendants, Davis was engaging in a protected activity by complaining of discrimination.  While it is possible that Davis could state a retaliation claim with additional information, her Complaint, as pled, falls short of stating a plausible claim because it does not sufficiently link any adverse action to protected activity and a retaliatory motive.  *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Davis leave to proceed *in forma pauperis*, dismiss any claims raised on behalf of her son without prejudice for lack of standing and dismiss her FHA claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim without prejudice to amendment.  Davis will be permitted to amend her claims within thirty days so that she can provide more information about the factual basis for them in an amended complaint.  An appropriate Order follows, which provides further instruction about amendment.

                **BY THE COURT:**

                /s/Petrese B. Tucker

                **PETRESE B. TUCKER, J.**